IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3244-F

ROYLIN JUNIUS BEALE,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          ORDER
                                        )
DEPUTY J.P. MADIGAN,                    )
                                        )
            Defendant.                  )


On November 21, 2011, at the earliest, plaintiff Roylin Junius Beale, proceeding *pro se*, filed

suit pursuant to 42 U.S.C. § 1983 alleging he was subjected to excessive force while detained at the

Pitt County Detention Center. Plaintiff requested leave to proceed without prepayment of the full

civil filing fee [D.E. # 3, 5]. On April 23, 2012, the court entered an order [D.E. # 6] clearing the

complaint through frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B) and directing the Clerk of

Court to maintain management of the matter. On April 25, 2012, United States Magistrate Judge

William A. Webb entered an order [D.E. # 8] instructing the United States Marshal to make service

of the complaint on behalf of plaintiff. On May 24, 2012, the court received a certification [D.E. #

11] from the Marshal that service of the summons and complaint had been executed on defendant.

Subsequently, plaintiff has filed two motions. The first is a motion [D.E. # 12], in letter form, in

which he requests leave to amend his complaint to add additional defendants and requests entry of

an order requiring that the "county jail that [he] was housed in (Pitt County Jail) to release 'all'

relevant evidence pertaining to this claim." Pl.'s Mot. [D.E. # 12] 1-2. Plaintiff's second motion

[D.E. # 13] seeks default judgment based on the failure of the defendant to answer or otherwise respond to the summons and complaint purportedly served upon him. These various matters are now before the court for resolution.

The court first addresses the two requests plaintiff made in his motion [D.E. # 12] received on June 6, 2012. Plaintiff first states that he "would like to amend [his] claim . . . [to] add defendants who're also responsible and should be held accountable for the unjust action that transpired on the night of the incident. So if it's not too much to ask, could you please forward me the proper forms in order for me to make that change." Mot. 1-2. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff is entitled to amend his complaint as a matter of course, and his motion to amend will be granted. Upon plaintiff's filing of his amended complaint, the court will undertake its required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's second request in the June 6, 2012, motion is for an order instructing the "Pitt County Jail" "to release 'all' relevant evidence pertaining to this claim (camera footage, incident document/reports, officer's statements, nurse records, etc.)." Id. at 2. This motion, to the extent it is reasonably construed as a discovery requeset, is premature because, as will be explained below, plaintiff's complaint has not yet been served on any defendant. Moreover, given plaintiff's request to amend, plaintiff intends to file an amended complaint which will implicate additional defendants and will once again require the court to conduct frivolity review prior to service on the defendants. These defendants are under no obligation to respond to or comply with plaintiff's discovery requests until this court has completed its required screening and defendants have been served with a complaint. Accordingly, plaintiff's motion to release all evidence [D.E. # 12] is due to be denied at this time.

2

The court now turns to plaintiff's motion for entry of default judgment [D.E. # 13]. Relying upon the certification that service was executed filed with the court on May 24, 2012, plaintiff asserts that he is entitled to default judgment due to defendant Madigan's failure to answer or otherwise respond to the summons and complaint within sixty days of May 24, 2012. Mot. [D.E. # 13] 1. The court first finds that, notwithstanding the Marshal's representation that service has been executed, there is no conclusive proof that defendant Madigan has, in fact, been served with the complaint. The Postal Service's "Track & Confirm" printout, which is attached to the Process Receipt and Return submitted by the Marshal, clearly indicates that the summons and complaint was "unclaimed" at the address provided by plaintiff. Thus, it appears the Marshal's certification that service was executed is inadvertent. As such, the court does not find that defendant Madigan has failed to plead or otherwise defend this action pursuant to Rule 55 of the Federal Rules of Civil Procedure, and plaintiff's motion for default judgment will therefore be denied. Upon receipt and further screening of plaintiff's amended complaint, the court will consider how best to effectuate service of process on defendant Madigan as well as any other defendant plaintiff contemplates adding as a party.

For all of the reasons given above, it is ORDERED as follows:

a.      plaintiff's motion to amend his complaint [D.E. # 12] is GRANTED. The Clerk of Court shall provide plaintiff with a copy of the form prescribed by this court for use in *pro se* prisoner actions pursuant to 42 U.S.C. § 1983. Plaintiff shall file his amended complaint within thirty days of the date of this order;

b.      plaintiff's "motion to release all relevant evidence" [D.E. # 12] is DENIED;

c.      plaintiff's motion for entry of default judgment [D.E. # 13] is DENIED.

3

SO ORDERED. This the 25 day of October, 2012.


JAMES C. FOX
Senior United States District Judge

4