UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

FILE NO. 5:11-CT-3244-F

| | | |
|---|---|---|
| ROYLIN JUNIUS BEALE, | ) ) ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | **AFFIDAVIT OF JOHN E. COMBS** |
| DEPUTY J.P. MADIGAN, R. BLOW, OFFICER HARLESS, OFFICER PEELE, And CAPTAIN PHILLIPS | ) ) ) ) | |
| Defendants. | ) ) | |

I, John E. Combs, first being duly sworn, hereby swear as follows:

1.      I am over eighteen (18) years of age, and do not suffer from any mental or physical infirmity or disability that would prevent me from making this affidavit.

2.      The matters stated herein are matters of my own personal knowledge, except such matters as may be designated as being upon information and belief.

3.      I am currently employed as the School Director and Chief Instructor for the Subject Control/Arrest Techniques and Physical Fitness Training Programs, assigned to the Specialized Tactical/Traffic Center at the North Carolina Justice Academy.   I am also a sworn Police Officer (reserve) with full arrest powers and duties with the Fayetteville Police Department (assigned to the Training Center), and as a Deputy Sheriff with the Sampson County Sheriff's Office, and have been employed in law enforcement for 26 years.

1

4.     My Curriculum Vitae, which describes in more detail my educational and work background, is attached hereto as Exhibit "A" and incorporated as if fully set forth herein. Included in my CV is a list of training courses, publications and presentations I have been involved with; professional organizations to which I belong, and cases in which I have been involved as an expert witness, to include this case and other ongoing cases.

5.     I reviewed the following items prior to the preparation of this Affidavit: Incident Report, Officer Narrative – Madigan, Pitt County S.O. Use of Force Report, Deputy Harless UOF Report & Narrative, Deputy Corprew UOF Report & Narrative, Deputy Blow Report & Narrative, Deputy Peele UOF Report & Narrative, Sgt. Nichelle Moore Statement, Deputy Sneed Statement, Deputy L. Anderson Statement, Deputy R. Wainwright Statement, LT. Mark Stokes Statement, Sgt. Melanie Perry Statement, Deputy J. Allen Statement, Deputy B. Bowden Statement, Deputy R. Webb Statement, Deputy N. Bullock Statement, Deputy C. Craft Statement.

6.     During his magistrate appearance and subsequent booking process, plaintiff became verbally threatening and physically resisted the officers to the point that he was "actively fighting (Madigan report, pg. 9)," and the TASER was subsequently deployed.

7.     A reason to use a device such as the TASER – or any stunning technique – is to create a window of opportunity to allow officers to establish control of an aggressive and/or violent individual. This will allow the officer to disrupt an individual's center of gravity – to take them out of a position of comfort, where they are the strongest and likely could put up higher resistance. Without the ability to use a device such as the TASER, the officer may have to use higher levels of force to gain compliance. It is not required for an officer to wait to be physically assaulted first or to use physical controls before the officer may use a TASER.

2

8.     It was reasonable for the officers at the points of the TASER deployments to perceive that plaintiff, by continuing to struggle after being told to stop, did pose an immediate and continuous threat of physical violence to them and to the others present.  In addition, it would be unreasonable and dangerous at this point for the officers to assume that this struggle could be stopped by continuing with verbal instructions or physical control techniques only, given plaintiff's demonstrated intent to continue to resist and his lack of response to repeated verbal commands.  Reasonableness is not determined by any particular force option(s) but rather all of the surrounding circumstances that caused the officers to make the decision on the use of a particular force option(s).  In other words, it's not the "tool" but rather how it is used in a given set of circumstances that determines reasonableness.

9.     Plaintiff continued to actively resist the officers even after TASER application and being taken to the ground, and was refusing to obey instructions during the officers' attempts at control.  Repeated use of any force option is not prohibited when attempting to control a resistant individual.  Not only had verbal commands failed to gain control of plaintiff, but the use of TASER (both with probes and drive stun), and subsequent attempts at physical control were ineffective.  In my opinion the officers' use of force was reasonable and appropriate in light of plaintiff's continued resistance to their efforts to get him under control.

10.     In my opinion based from the officer's reports, plaintiff was not under control and continued to pose a high level of danger to the officers, making it reasonable to continue to use physical control tactics until resistance had ceased.  Even after plaintiff had been taken to the ground and TASER was applied with a drive stun, he continued to actively resist the officers' efforts to control him and continued to pose a safety risk if he was able to escape the officers' control.   These facts could certainly raise the level of the officers' perception of the

3

dangerousness of plaintiff and his intention to continue to resist and possibly harm the officers. A motivated and combative individual can still resist and cause harm to officers regardless of position and the number of officers.

11. Further, even after being taken to the housing unit, plaintiff - after further verbal threats - assaulted Officer Roger Wainwright by striking him over his left eyebrow with his own head ("head-butt") causing a cut over Wainwright's eye.

12. Based upon the foregoing, it is my opinion that the officers were justified in their use of force in response to plaintiff's actions and the officers did not use a higher level of force than was necessary under the circumstances. Therefore, the officers' use of force was not excessive under the circumstances. These are my opinions to a reasonable degree of professional certainty based upon the materials reviewed to date. It is possible that these opinions could change based upon any new material.

FURTHER THIS AFFIANT SAITH NOT.

_____
JOHN E. COMBS

Sworn to and subscribed
before me this the 8th day of November, 2013.

_____
NOTARY PUBLIC

My commission expires: Jan 24, 2014